DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Erie County Court of Common Pleas, which approved a plan to identify and notify class members in this class action lawsuit. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} Appellees are a class of individuals who allege that, after suffering a miscarriage or stillbirth at appellant Firelands Community Hospital, appellant improperly or inhumanely disposed of the fetal tissue. The trial court approved a plan for identifying and notifying class members of the pendency of the suit, and appellant claims that the plan requires it to wrongfully divulge confidential patient information. Appellant now appeals the trial court's judgment approving the plan.
 {¶ 3} The trial court certified the following class:
 {¶ 4} "All persons who delivered a stillborn child or otherwise suffered a miscarriage at Firelands Community Hospital from January 1, 1988 through 1996 and for whom the hospital disposed of the stillborn child or miscarried fetus." We affirmed the class certification. See Walker v. Firelands CommunityHosp. (Oct. 5, 2001), Erie App. No. E-01-006. Subsequently, the trial court approved a plan for identifying and notifying class members. In approving the plan, the trial court ordered appellant to supply to appellees a list of "account and diagnostic codes" used by appellant in coding medical records. The parties were then to agree on the diagnostic codes to be used to identify class members. After agreeing on the diagnostic codes to be used, appellant was to forward to appellees the names of patients for whom those codes were used. These patients were to receive individual notice of the lawsuit by first-class mail. Appellant was also ordered, within 30 days of forwarding the names of the patients, to forward to appellees pathology reports for these patients.
 {¶ 5} Appellant appealed the trial court's order approving the plan. Initially, this court held that the order was not final and appealable. However, upon reconsideration, this court held as follows: "We find that the order of the trial court requiring FCH [appellant] to supply to plaintiffs' counsel the medical information and pathology reports of certain former patients of the hospital is a final appealable order pursuant to R.C.2505.02(B)(4)." See Walker v. Firelands Community Hosp. (June 5, 2003), Erie App. No. E-03-009. The appeal was reinstated, and appellant sets forth the following assignments of error for our review:
 {¶ 6} "First Assignment of Error
 {¶ 7} "The trial court erred in ordering Firelands to disclose the confidential medical information of its patients without first obtaining the consent of such patients.
 {¶ 8} "Second Assignment of Error
 {¶ 9} "The trial court erred in ordering Firelands to disclose the confidential medical information of persons not members of the class."
 {¶ 10} We review these issues under the abuse of discretion standard of review. See State v. Conley (Aug. 22, 1996), Cuyahoga App. No. 69597, appeal dismissed (1997),77 Ohio St.3d 1516. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 11} R.C. 2317.02 creates a testimonial privilege for communications made between a physician and a patient. That section provides, in pertinent part:
 {¶ 12} "The following persons shall not testify in certain respects:
 {¶ 13} "(B)(1) A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.
 {¶ 14} "* * *."
 {¶ 15} The statute also creates exceptions in certain situations, including when the patient or the patient's representative gives consent, where the patient files a civil claim that makes the physician/patient communication relevant, and in criminal cases where a patient's drug or alcohol use is relevant. Id.
 {¶ 16} The Ohio Supreme Court has created a tort for unauthorized disclosure of medical information. Biddle v. WarrenGeneral Hosp. (1999), 86 Ohio St.3d 395, paragraph one of the syllabus. In doing so, the court specified the circumstances under which, in the tort context, a physician may disclose confidential information about a patient. The court held:
 {¶ 17} "In the absence of prior authorization, a physician or a hospital is privileged to disclose otherwise confidential medical information in those special situations where disclosure is made in accordance with a statutory mandate or common-law duty, or where disclosure is necessary to protect or further a countervailing interest that outweighs the patient's interest in confidentiality." Id. at paragraph two of the syllabus.
 {¶ 18} The court in Biddle explained that a physician or hospital may disclose otherwise confidential information where a "countervailing interest outweighs [a] patient's interest in confidentiality." According to the court, "special situations" might exist where, "in the interest of the public, the patient, the physician, or a third person," disclosure of otherwise confidential information might be justified. The court did not find such a countervailing interest in Biddle. In that case, a hospital turned over identifying patient information to a law firm that would contact the patients and offer to assist them in collecting Supplemental Security Income benefits to satisfy their bills with the hospital. In holding that this was not one of those "special situations" warranting disclosure, the court stated:
 {¶ 19} "A hospital hands over to a law firm thousands of patient registration forms containing information about the medical condition of each patient, including diagnoses of alcohol and drug abuse, mental illness, and sexually transmitted diseases. The law firm reviews these forms for the sole purpose of finding potential Social Security claimants. The firm then calls these potential claimants and gives them unsolicited advice that they should take legal action in the form of obtaining SSI. In so doing, the law firm either conceals its legal identity or, according to one account, directly asked the potential claimant to engage Attorney Heller to represent her regarding a potential Social Security claim. Those who show interest are scheduled for an appointment with Heller, which is the admitted purpose of making the calls, and the law firm ultimately accepts employment (which Elliott testified was contemplated from the outset).
 {¶ 20} "We can find no interest, public or private, that would justify the recognition of a privilege [to disclose] under these circumstances." (Footnote omitted.) Id. at 405-406.
 {¶ 21} In Biddle, the plaintiffs, in addition to suing the hospital, also sued the law firm that contacted the patients, and the court recognized a tort for inducing the disclosure of confidential information as well. Id. at paragraph three of the syllabus. In seeking to justify its use of the confidential information, the law firm unsuccessfully argued that that it did not use the information to the detriment of the plaintiffs; in fact, according to the law firm, it was actually seeking to provide a benefit to the plaintiffs. The court again discussed the extent of the privilege for disclosing confidential information, stating:
 {¶ 22} "As we explained above, there may be special situations where the interests of the patient will justify the creation of a privilege to disclose. However, the only interest that has been recognized in this regard is the patient's interest in obtaining medical care and treatment, and disclosure is limited to those who have a legitimate interest in the patient's health. Otherwise, it is for the patient — not some medical practitioner, lawyer, or court — to determine what the patient's interests are with regard to personal confidential medical information." (Citations omitted.) Id. at 407-408.
 {¶ 23} In this case, appellees agree that the information they seek is confidential. However, they contend that class members' interest in being apprised of the class action lawsuit outweighs their privacy interests. In support of their argument, they cite three cases in which the court deemed that a countervailing interest warranted disclosure: one where the patients' records were necessary to prosecute the physician for criminal offenses, State v. McGriff (1996),109 Ohio App.3d 668, discretionary appeal not allowed (1996), 76 Ohio St.3d 1473; one where a physician was seeking disability benefits from his insurer and the insurer could not determine whether the physician was unable to perform his duties without examining the physician's records, Varghesev. Royal Maccabees Life Ins. Co. (S.D.Ohio, 1998),181 F.R.D. 359; and one where a hospital patient was assaulted by a fellow patient and, to hold the hospital liable, it was necessary to determine if the assaulting patient had a history of violence, Fair v. St. Elizabeth Med.Ctr. (2000), 136 Ohio App.3d 522.
 {¶ 24} We find these three cases unpersuasive because, as appellees concede, in all three the confidential information was ordered disclosed in redacted form without any identifying information. In this case, identifying information is exactly what appellees seek. As for appellees' claim that the patients' interest in confidentiality is outweighed by their right to know of the pendency of this lawsuit, we are reminded of the court's admonition in Biddle that the patient is to decide what her interests are, not a physician, a lawyer, or the court. Biddle,86 Ohio St.3d at 408. We find no countervailing interest in this case that would warrant creating a privilege to disclose confidential information about the class members. We therefore hold that the trial court erred in ordering appellants to disclose to appellees the names of potential class members.
 {¶ 25} Appellees argue that to hold it improper for appellant to disclose the names of potential class members would be tantamount to creating a ban on any class action lawsuit against medical providers. We disagree. Class action lawsuits against medical providers could still be maintained as long as potential class members waive their right to confidentiality. This can be accomplished by the medical provider identifying potential class members in the manner prescribed by the court or agreed upon by the parties and securing the patients' consent before releasing their names to class counsel. While some may argue that this is akin to asking the fox to guard the henhouse, it is no different than trusting any party to faithfully and honestly carry out his or her duties in discovery or any other matter requiring candor to the court and opposing counsel. Another option is notice by publication only. Because we find that the trial court erred in ordering the disclosure of confidential information without the patients' consent, appellant's first assignment of error is found well-taken.
 {¶ 26} In its second assignment of error, appellant contends that the trial court erred in approving a plan for identification and notification that is so broad that it encompasses women who are not class members. The class, as defined, includes women who suffered a miscarriage or stillborn at the hospital and for whom the hospital disposed of the child or fetus. The court's order, according to appellant, calls for identification of class members by diagnostic code alone; according to appellant, the diagnostic code will tell only if a patient had a miscarriage or stillbirth but will not tell if the hospital disposed of the child or fetus. We find that this issue is beyond what is properly before us. We explained in our decision reinstating this appeal that the only issue that was ripe for review was whether the trial court erred in ordering appellant to disclose confidential information to appellees. We have ruled upon that question. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 27} Upon due consideration, we find that substantial justice was not done the party complaining, and we reverse the order of the Erie County Court of Common Pleas requiring appellant to disclose to appellees the names of potential class members without first securing the consent of those class members. The remainder of the appeal is found not well-taken. Appellees are ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith Ann Lanzinger, J., Judge, concur.